LEARNING RIGHTS LAW CENTER
JANEEN STEEL (SBN 211401)
Janeen@learningrights.org
PATRICIA A. VAN DYKE (SBN 160033)
205 S. Broadway, Suite 808
Los Angeles, California 90012
Phone: (213) 489-4035/F: (213) 489-4033

LAW OFFICE OF SHAWNA L. PARKS
SHAWNA L. PARKS (SBN 208301)
sparks@parks-law-office.com
4470 W. Sunset Blvd., Ste. 107-347
Los Angeles, CA 90027
Phone/Fax: (323) 389-9239

DISABILITY RIGHTS ADVOCATES
STUART SEABORN (SBN 198590)
seaborn@dralegal.org
2001 Center St. 4th Fl.
Berkeley, CA 94707
Phone: (510)665-8644/F: 510-665-8511

Attorneys for Defendants/Respondents

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OXNARD SCHOOL DISTRICT,<br>Plaintiff,<br>v.<br>I.H., A MINOR, by and through his parents CYNTHIA CORTEZ AND MALCOLM HERRERA; CYNTHIA CORTEZ, individually; and MALCOLM HERRERA, individually,<br>Defendants | Case No.: 18-CV-7357-SVW-AS<br><br>**DEFENDANTS' OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION; THIRD DECLARATION OF JANEEN STEEL AND [PROPOSED] ORDER**<br><br>Judge: Honorable Stephen V. Wilson<br><br>Mediation: 10/2/2018 - 9:30 a.m.<br>P.I. Hearing: 10/15/2018- 1:30 p.m.<br>Hearing on Motion To Dismiss:<br>10/29/2018- 1:30 p.m. |

1

# TABLE OF CONTENTS

I. Introduction……………………………………………….. 5

II. Procedural History & Factual History ………………………… 6

   A. The District Failed to Avail Itself of Legal Options to Address Any Dispute about I.H.'s Placement on At Least Five Occasions over the Last Four Months………………………. 6

   B. The District Failed to File to Defend Its Offers to I.H. for More Than Three Months. …………………………………….. 6

   C. The District Failed to Participate in I.H.'s Administrative Case Until Its Unsuccessful Motion for Reconsideration to OAH, Filed After It Lost on Its TRO in Federal Court…………………………………………………. 9

III. Argument……………………………………………….. 11

   A. Pursuant to the *Colorado River* Doctrine, This Case Should Be Stayed Pending Resolution of the OAH Hearing Which Addresses Identical Issues………………………………………………..11

   B. District's Complaint Fails To State a Claim for Injunctive Relief Because District Cannot Establish the Necessary Element of Irreparable Harm. ………………………………..12

C. The District's Claim That It Needs a *Honig* Injunction is Belied by the Fact that It Has Waited Months to Resolve I.H.'s Placement, And Failed to Utilize Multiple Legal Avenues That Would Have Allowed Thoughtful Resolution of Any Placement Dispute......................................................................13

    1. Under Ninth Circuit Law, District Was Required To File a Due Process Complaint To Defend its Placement at Casa Pacifica......................................................................14

    2. District Rejected An Expert Diagnosis of Autism......................................................................15

D. The Office of Administrative Hearings Is the Designated Agency to Hear Special Education Actions in California under IDEA and Has Scheduled a Hearing to Begin October 4, 2018...................................................................... 16

E. I.H. Already Has Been Injured at One of The Schools Where District is Trying to Force Him to Attend...................... 18

IV.    CONCLUSION...................................................................... 19

//
//

# TABLE OF AUTHORITIES

**Cases**

*Alliance for Wild Rockies v. Cottrell,* 632 F. 3d. 1127 (9th Cir. 2011) ..................... 12
*Colorado River Water Conserv. Dist. V. United States* (1976) 424 U.S. 800 ..... 6, 11
*Fireman's Fund Ins. Co. v. Quackenbush* 87 F.3d 290 (9th Cir. 1996) ................... 11
*Gadsden City Bd. of Educ. v. B.P.,* 3 F.Supp.2d 1299 (N.D. Alabama 1998) ......... 13
*Honig v. Doe,* 484 U.S. 305 (1988) ................................................................ passim
*I.R. v. L.A. Unified Sch. District* 805 F.3d 1164 (9th Cir. 2015) ......................... 7, 15
*Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.* 460 U.S. 1(1983) .............. 11
*Nakash v. Marciano,* 882 F. 2d 1411 (9th Cir. 1989) ............................................. 11
*Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7 (2008) ................. 12

**Rules and Regulations**

20 U.S.C. § 1415(b)(7) ........................................................................................... 17
20 U.S.C. § 1415(b)(7)(A) ..................................................................................... 17
20 U.S.C. § 1415(g) ............................................................................................... 17
20 U.S.C. §1400, *et seq* ......................................................................................... 16
34 C.F.R. § 300.507(a)(1) ...................................................................................... 17
34 C.F.R. §300.510(a) .............................................................................................. 9
34 C.F.R. §300.530(g) .............................................................................................. 7
34 C.F.R. §300.532(a) .......................................................................... 8, 9, 14, 16
34 C.F.R. §300.532(c)(2) ............................................................................. 8, 9, 14
42 U.S.C. §12101, *et seq* ....................................................................................... 16

## I. Introduction

Plaintiff Oxnard School District ("Oxnard" or "District") seeks a preliminary injunction to prevent an eight-year-old child from attending ***any*[1]** District school—even though there is no showing of irreparable harm—as this Court already has determined. Moreover, the issue of the appropriate placement for I.H. is scheduled for hearing before the Office of Administrative Hearings ("OAH") beginning on October 4, 2018. Indeed, the OAH hearing is scheduled to continue October 15-17, 2018 and October 23 – 25 --which will overlap with the preliminary injunction hearing scheduled in this Court for October 15, 2018. Under OAH's rules, a decision should be issued by approximately November 5, 2019. OAH already conducted a prehearing conference in the administrative case on September 24th, setting dates for the hearing, clarifying the issues to be heard, and setting forth procedures for the presentation of testimony and evidence. *See* Declaration of Janeen Steel dated September 26, 2018 ("Steel Dec.") at ¶12, Ex. F (Dkt. #31-2).

Based on the undisputed facts, this case should be dismissed or stayed because Plaintiff cannot make a showing of irreparable harm necessary to support a *Honig* injunction. As this Court held in denying the request for a TRO, "[d]efendant has stayed home and has not attempted to return to school." Minute Order at 2 (Dkt. #23). Thus, he does not present a danger to anyone. Nothing has changed since the Court denied the TRO, except that the parties are scheduled for

---

[1] Initially, District wanted to force I.H. to attend Casa Pacifica, a Non-Public School that does not have an autism-specific program, and where he previously was injured. Cortez Dec., ¶¶7-10, Exs. A – C (Dkt. # 31-4). Now District appears to be offering placement at North Hills Prep in Van Nuys, CA or the Academy for the Advancement of Children with Autism ("Autism Academy") in Chatsworth, although Defendants dispute that District has made formal offers of placement because there has been no IEP. Nevertheless, even if I.H. agreed to one of these placements, I.H. has not been admitted to either of these programs; we also do not believe that District has contracts for services with either of these programs. Thus, these are not viable options at this time.

mediation in this case on October 2, 2018 and to begin the OAH hearing on October 4, 2018.

This proceeding is entirely duplicative of the OAH due process case. The question of appropriate placement for I.H is already being evaluated and discussed by multiple lawyers and experts in the context of the ongoing OAH proceedings. District made a strategic decision to not avail itself of numerous legal options under special education law to address the placement issue. District cannot now claim "irreparable harm" when none exists, particularly, when the placement issue will soon be resolved in an administrative trial, containing multiple days of testimony, before OAH.

Because Plaintiff cannot meets its burden of demonstrating that "irreparable harm" will ensue if this Court doesn't issue a *Honig* injunction, the motion for preliminary injunction should be denied. Alternatively, consistent with the *Colorado River*[2] doctrine, this action should be stayed pending resolution of the OAH hearing scheduled to begin on October 4, 2018.

## II. Procedural History & Factual History

### A. The District Failed to Avail Itself of Legal Options to Address Any Dispute about I.H.'s Placement on At Least Five Occasions over the Last Four Months.

I.H. alleges in his affirmatively filed cases, that the District failed to identify him appropriately as needing special education services for at least two years. *See generally* I.H.'s Due Process Complaint, filed August 16, 2018, Steel Dec., ¶ Ex. A (Dkt. #31-2).

### B. The District Failed to File to Defend Its Offers to I.H. for More Than Three Months.

---

[2] *Colorado River Water Conservation Dist. v. United States* (1976) 424 U.S. 800, 815.

I.H. was finally assessed in the winter of 2017-18. The District found him eligible for special education in January of 2018. However, I.H. alleges that the District did not complete a thorough evaluation for Autism. As a result, I.H. obtained an independent educational evaluation by Dr. Betty Jo Freeman, of University of California, Los Angeles, one of the nation's leading experts on Autism. *See* Declaration of B.J. Freeman dated September 11, 2018 ("Freeman Dec.") ¶ 7, Ex. B (Dkt. #31-3). On February 26, 2018 the District held another IEP, which became the basis for I.H.'s later "stay put" motion, and subsequent OAH order. *See* Steel Dec. Ex. B. (Dkt. #31-2).

Prior to that IEP being implemented however, there was a behavior incident on March 9, 2018 that resulted in I.H. being removed to a temporary placement at Casa Pacifica.[3] 34 C.F.R. §300.530(g) (regarding interim placements under IDEA). Temporary placements typically last for 45 days unless extended by a hearing officer or by agreement. 34 C.F.R. §300.532(a). I.H.'s temporary placement was from April 2, 2018 to June 14, 2018. Steel Dec., ¶ 9, Ex. D.[4] (Dkt. #31-2).

On May 1, 2018 the District held an IEP meeting to review the temporary placement at the 30-day mark. At that IEP meeting the District made an offer to keep I.H. at Casa Pacifica. I.H.'s mother did not agree with or sign that IEP. <u>The District did not file to defend its offer as a "Free Appropriate Public Education" under the IDEA.</u> *See § III.A;* and *I.R. v. L.A. Unified Sch. District* 805 F.3d 1164, 1170 (9th Cir. 2015) (School districts in California must initiate an administrative

---

[3] Although the IEP was held on February 26th, it was not signed by I.H.'s mother until March 15th, and therefore had not yet been implemented.

[4] Although the District attempts to argue that this IEP constituted a "change in placement" under the IDEA, the Office of Administrative Rulings has already held that Casa Pacifica was just an interim placement, and that the operative IEP in this case is the one from February 26, 2018. *See* Steel Dec. ¶9, Ex. D (Dkt.#31-2).

7

Defendants' Opposition To Motion For Preliminary Injunction

due process hearing if there is a disagreement between the parent and district regarding placement).

On June 7, 2018 the District held another IEP meeting. The District again offered Casa Pacifica as I.H.'s placement. I.H.'s mother notified the District she would not agree for her son to return to Casa Pacifica. <u>Again, the District did not file to defend its offer as FAPE in the IEP.</u>

I.H.'s temporary placement expired on June 14, 2018. <u>The District did not file to have the interim placement at Casa Pacifica extended.</u> It could have done this under clear provisions in the IDEA, that allow for a request for an expedited hearing that will occur in 20 days after request to extend the interim placement when District the "believes that maintaining the current placement of the child is substantially likely to result in injury to the child or others," in this case, the current placement was the February 26, 2018 IEP offer, which was public elementary school placement. 34 C.F.R. §300.532(a); 34 C.F.R. §300.532(c)(2).

On July 26, 2018 the District held another IEP meeting to review the report of Dr. Freeman, who had concluded that I.H. has Autism. Despite this new information, the District continued Casa Pacifica as a placement. I.H.'s mother again said that she rejected the offer of Casa Pacifica. During the July 26, 2018 IEP, Parent requested I.H. attend a District elementary school that has an Autism special day class to implement Dr. Freeman's recommendations. The District refused to offer a District autism special day class and refused to accept I.H.'s Autism diagnosis. Parent requested a home-based program hoping to get the needed Autism specific services. <u>Again, the District did not file an administrative proceeding to defend its offer of Casa Pacifica.</u>

<u>The District took no action the entire summer.</u> School started on August 16, 2018. On August 14th, Counsel for I.H. emailed counsel for the District informing

them that I.H. intended to come back to school at Cesar Chavez, given that was his last agreed upon placement. Counsel for the District said that the school would "turn [I.H.] away." Steel Dec. ¶ 8, Ex. F (Dkt. #31-2). <u>However, the District did not take any legal action or resolve I.H.'s placement issue.</u>

### C. The District Failed to Participate in I.H.'s Administrative Case Until Its Unsuccessful Motion for Reconsideration to OAH, Filed After It Lost on Its TRO in Federal Court.

As a result, I.H. stayed at home with no school program. On August 16th, I.H. filed a request for due process with the Office of Administrative Hearings and a motion for "stay put" based on his last agreed upon IEP from February 26, 2018. <u>The District did not file an opposition to I.H.'s motion, and did not respond to the due process complaint. The District did not file a request in that due process hearing to expedite the hearing because of any alleged safety concerns.</u> 34 C.F.R. §300.532(a); 34 C.F.R. §300.532(c)(2).

<u>The District also failed to hold a resolution session</u>, which is an informal negotiation session that Districts are required to hold within 15 days after the filing of the due process complaint. 34 C.F.R. §300.510(a).

Only after I.H. exercised his rights under IDEA did the District file this case initially in Ventura County Superior Court. On August 20th, 2018, Counsel for the District notified Counsel for I.H. that it intended to file a TRO application in state court. On August 22nd, when the original TRO was noticed in state court, no hearing took place due to a procedural issue. The same day, counsel for I.H. removed this case to federal court.

On September 5th, counsel for I.H. filed a motion to expedite the hearing at OAH because the District had failed to hold a resolution session, which is allowed under the procedural rules of IDEA. <u>The District did not file any opposition.</u> The

<u>District did not refile its TRO request in federal court immediately. Instead, it waited another two and half weeks,</u> while I.H. continued to have no school program. It only filed its request for a TRO after I.H. *won* his unopposed stay put motion with the Office of Administrative Hearings. *See, Steel Dec.,* ¶9, Ex 9 ("Stay Put Order") (Dkt. #31-2). I. H. received his stay-put order on September 5th and counsel received notice of this TRO late in the day on September 7th.

On September 12, 2018, this Court denied District's application for a temporary restraining order because District could not establish the likelihood of irreparable harm. Minute Order, (Dkt. #23).

District subsequently filed a motion for reconsideration with OAH regarding the "stay put" order on September 17, 2018, arguing that counsel's failure to respond to the stay put motion was a result of "excusable neglect" because District was overwhelmed by its efforts to pursue injunctive relief outside of the OAH process—including in this action. OAH denied the motion for reconsideration on September 24, 2018, expressly rejecting District's claim of excusable neglect, stating "[t]he essence of Oxnard's argument is that its counsel was so busy pursuing relief in another forum, and with other special education matters, that it neglected its duties in this one." Stay Put Order at 2. (Dkt. #23). As noted by OAH, District made a strategic decision to avoid having OAH make the placement decision for I. H., seeking instead to pursue injunctive relief pursuant to *Honig*. District must now live with the consequences of that choice.

Since then, OAH has held a prehearing conference in the administrative case, conferring with both counsel for I.H. and the District. The Administrative Law Judge set the hearing dates for October 4, 15-18, 23 and 25.

District cannot make the necessary showing of "irreparable harm" to obtain injunctive relief under *Honig*, Thus, the motion for preliminary injunction denied

and this case dismissed. In the alternative, because there is an OAH hearing scheduled for October 4, 2018 that will address the identical placement issue that District raises in this proceeding, this Court should stay the action pending resolution of the OAH case.

### III. Argument

#### A. Pursuant to the *Colorado River* Doctrine, This Case Should Be Stayed Pending Resolution of the OAH Hearing Which Addresses Identical Issues

Pursuant to the Supreme Court's decision in *Colorado River Water Conservation District v, United States (1976)* 424 U.S. 800, 815, federal courts may, in the interest of "wise judicial administration" stay a case involving a question of federal law where a concurrent state action is pending that raises identical issues. Among the factors to be considered by the Court when deciding to stay a case pursuant to *Colorado River* are the following:

1) Whether there is substantial similarity between the state and federal suits (*Nakash v. Marciano*, 882 F. 2d 1411, 1416 (9th Cir. 1989)("exact parallelism between claims not required");

2) Forum shopping – *Fireman's Fund Ins. Co. v. Quackenbush* 87 F.3d 290, 297 (9th Cir. 1996);

3) Priority of proceedings, both in terms of which action was filed first and how much progress has been made in the two actions- *Colorado River,* 424 U. S. at 818; *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.* 460 U. S. 1, 21 (1983)("*Moses H. Cone*"); and

4) Adequacy of state proceedings to protect the rights of the party invoking federal jurisdiction-*Moses H. Cone,* 460 U.S. 1, 25-26.

Based on the application of these factors, this Court should, at a minimum,

stay this action pending a decision in the parallel OAH proceeding which is going to hearing later this week[5]. First, the issue of placement is directly at issue in the OAH hearing, in which numerous experts are scheduled to testify. Second, District was forum-shopping in an attempt to avoid OAH at all cost, likely because of the strength of I.H.'s experts, all of whom are familiar to OAH. Third, the OAH proceeding was filed first and is set for hearing beginning on October 4, 2018. Last, the OAH proceeding is more than adequate to protect District's rights. Indeed, if OAH is not satisfied with the OAH decision, it can appeal to this Court. In the meantime, based upon the special education expertise of OAH, the overlapping issues and the progress of the OAH matter, this Court should stay this action pending a final decision on placement from OAH.

### B. District Cannot Establish the Necessary Element of Irreparable Harm.

On September 12, 2018, this Court denied District's application for a TRO, finding that District failed to establish the necessary element of "irreparable harm" under *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008). Minute Order at 1 (citing *Alliance for Wild Rockies v. Cottrell,* 632 F. 3d. 1127, 1135 (9th Cir. 2011). Then, as now, there was no showing of "irreparable harm" because "[d]efendant has stayed at home and has not attempted to return to school." Minute Order at 2. There has been no change of circumstances justifying an injunction now. Indeed, with the OAH hearing scheduled to begin in just two days, District cannot demonstrate that extraordinary relief is warranted in this case.

In this case, District cannot establish the facts necessary to get an injunction under any circumstances because there is no threat that I.H. will try to attend Cesar

---

[5] OAH held a pre-hearing conference on September 24, 2018. The parties already have exchanged their lists of exhibits and witnesses, with the actual evidence to be produced later this week. See, Steel Dec.¶12, Ex.F (Dkt. #31-2)

Chavez elementary, even though it is his "stay put" placement. District has made it abundantly clear that they will turn I.H. away from Cesar Chavez if he attempts to attend class, and will not provide him with the necessary supports and services required under his IEP so that he can succeed there. Instead, the placement issue will be determined shortly by OAH, with the due process hearing scheduled to begin on October 4, 2018. Accordingly, the motion for preliminary injunction should be denied.

### C. The District's Claim That It Needs a *Honig* Injunction is Belied by the Fact that It Has Waited Months to Resolve I.H.'s Placement, And Failed to Utilize Multiple Legal Avenues That Would Have Allowed Thoughtful Resolution of Any Placement Dispute.

Here, the parties have been discussing I.H.'s placement for nearly four months. <u>The District took no legal action throughout that process – despite having multiple opportunities to seek legal relief - including when school started on August 16, 2018. Instead, District filed the instant action after I.H. exercised his legal rights by filing a due process complaint and "stay put" motion against the District with OAH – a motion that the District did not oppose and lost.</u> Now, with a parallel OAH due process hearing scheduled to begin in two days, District seeks extraordinary relief in this Court, despite being unable to demonstrate any exigent circumstances or irreparable harm.

Moreover, even though exhaustion is not typically required in cases seeking *Honig* injunctions, District's federal complaint should not be used as an end run around available administrative procedures. Indeed, *Honig* injunctions typically involve situations in which truly exigent circumstances exist. *See, e.g., Honig v. Doe*, 484 U.S. 305, 326 (1988) (referencing injunction as alternative to "time-consuming" administrative procedures under IDEA); *Gadsden City Bd. of Educ. v.*

*B.P.*, 3 F.Supp.2d 1299 (N.D. Alabama 1998) (finding that expedited hearing within 10 days insufficient because student returning from suspension, requiring resolution in less than 24 hours). Here, however, the District has waited nearly four months over the course of a dispute about placement, failing to file and/or seek expedited hearings at every turn. Indeed, the District has known since June that I.H.'s placement was in dispute, and that his last controlling IEP placed him at Cesar Chavez with extensive supports.

If the District had requested an expedited hearing under 34 C.F.R. §300.532(a) when I.H. filed his due process complaint on August 16th, the hearing – including full evidentiary testimony – *would have already occurred*, and the decision issued. [34 C.F.R. §300.532(c)(2)for 20 days for hearing, 10 for decision] Instead, the District waited until the last possible moment to file for a *Honig* injunction, falsely claiming the need for emergency relief because of the likelihood it would suffer irreparable harm without federal court intervention.

### 1. Under Ninth Circuit Law, District Was Required To File a Due Process Complaint To Defend its Placement at Casa Pacifica

In Spring 2018, District temporarily placed I.H. at Casa Pacifica Nonpublic School for 45 days because of behavior issues resulting from District's ongoing failure to address his needs. On May 1, 2018, during a team meeting to address his Individualized Education Plan ("IEP"), I.H.'s mother and counsel did not agree to him continuing at Casa Pacifica Non-Public School after the 45-day interim placement.

The District did not file an action with the administrative hearing office to defend its placement offer for I.H. to continue at Casa Pacifica. Under special education law, school districts have an obligation to provide a "free appropriate public education." If a district believes it is making an appropriate offer of

placement that the parents ultimately reject, the Ninth Circuit has held that a district **_must_** file a complaint against the student (via the administrative proceedings at OAH) in order to obtain a finding that the offer provides the appropriate placement and services for the child. *I.R. v. Los Angeles Unified School District*, 805 F.3d 1164, 1168-69 (9th Cir. 2015). Indeed, the Ninth Circuit held that the school district must initiate a due process hearing expeditiously. *Id* at 168-69. The District did no such thing here, and thus neither sought nor obtained an order that its offer of Casa Pacifica was appropriate for I.H.

On June 7, 2018, the IEP team met again to discuss, *inter alia,* placement after the 45 period at Casa Pacifica. Again, I.H.'s mother explained that she did not agree with him continuing in the program. Again, the District did not file for an administrative hearing to defend its placement or obtain a resolution from the appropriate administrative tribunal that it was an appropriate offer from the District.

### 2. District Rejected An Expert Diagnosis of Autism

On July 26, 2018, the IEP team met again to discuss an independent evaluation by Dr. Freeman from U.C.L.A., who found that I.H. had Autism. However, District refused to accept Dr. Freeman's findings or her recommendations. District again suggested Casa Pacifica, and I.H.'s mother and counsel explained again that Casa Pacifica Non-Public School was not an appropriate option for I.H. for a number of reasons, including that he was injured while there (*see infra* Section E. regarding the physical injuries to I.H. at Casa Pacifica). The parties had a discussion about a possible home program and I.H.'s mother and counsel requested placement in an autism program consistent with Dr. Freeman's recommendations. Again, the District did not file for an administrative hearing to defend its offer of placement.

There were ongoing discussions, but no resolution of I.H.'s school placement

as of August 16, 2018, when school started in the District.

Not only did the District fail to file to defend its previous offers of placement, but the District *also* failed to request a hearing at the Office of Administrative hearings on the safety issues it is alleging in this complaint. Indeed, IDEA gives Districts clear rights in situations such as this to request a hearing from the administrative tribunal on the precise issue of the placement of I.H. during this dispute. Indeed, federal regulations specifically allow a District that "believes that maintaining the current placement of the child is substantially likely to result in injury to the child or others," may request a hearing. 34 C.F.R. §300.532(a). The District did not avail itself of this option either.

Instead, the District gave notice to I.H.'s counsel of its application for a TRO on August 20th, shortly after I.H. had filed his OAH complaint. Once I.H. removed this case to federal court, the District waited another two weeks to re-file its TRO.

### D. The Office of Administrative Hearings Is the Designated Agency to Hear Special Education Actions in California under IDEA and Has Scheduled a Hearing to Begin October 4, 2018

Here, the relevant questions, namely where should this young child with a disability attend school and what are the appropriate supportive and therapeutic services needed for him to be successful in school, are all governed by the Individuals with Disabilities Education Act ("IDEA") (20 U.S.C. §1400, *et seq.*), as well as related disability nondiscrimination statutes, including but not limited to the Americans with Disabilities Act, (42 U.S.C. §12101, *et seq.*). IDEA in particular contains numerous substantive and procedural protections for I.H. in the instant situation.

When a school district fails to provide the student with an educational program that is developed and implemented pursuant to the Individuals with

Disabilities Education Act (IDEA) and/or fails to offer and implement a program that provides meaningful educational benefit and allows the student to progress from year to year and advance appropriately toward appropriate goals and objectives, IDEA provides that the student may access an administrative hearing review process and obtain viable relief for such failures on the part of the District by filing a "due process complaint notice," which is essentially a complaint like those filed in federal or state court. 20 U.S.C. § 1415(b)(7).

     A due process complaint requires, among other things, a description of the nature of the problem of the child relating to such proposed initiation or change, including facts relating to such problem, and a proposed resolution of the problem to the extent known and available to the party at the time. 20 U.S.C. § 1415(b)(7)(A). In California, the Office of Administrative Hearings/Special Education Division hears matters related to the any special education matter relating to the identification, evaluation or educational placement of a child with a disability, or the provision of free appropriate public education ("FAPE") to the child. *See* 34 C.F.R. § 300.507(a)(1). These complaints result in legal proceedings, up to and including administrative trials. The results of these cases may be appealed to federal court. 20 U.S.C. § 1415(g).

     Here, I.H. exercised his rights under IDEA and filed a complaint with the Office of Administrative Hearings on the evening of August 16, 2018. *See* Steel Dec.,¶ 6, Ex. A. (Dkt. #31-2) I.H.'s case addresses both the District's failure to identify I.H. over an extended period of time as a student in need of special education services, and also addresses the dispute regarding his current placement. *See* Steel Dec ¶13, Ex. F. (Dkt. #31-2) I.H. also filed a motion for "Stay Put" which District ignored. The "stay put" motion provided yet another avenue for District to address its alleged safety concerns with respect to I.H.'s placement. Steel Dec.¶7,

Defendants' Opposition To Motion For Preliminary Injunction

Ex. B. (Dkt. 31-2).

District also failed to hold a required resolution session within 15 days of the filing of the due process complaint. As a result, I.H. filed a motion for the hearing to be expedited. District did not oppose this motion. Now, despite all of these opportunities to address the safety issues regarding I.H.'s placement, District alleges that it requires extraordinary relief from this Court, despite its inability to demonstrate that irreparable harm will result if OAH determines the placement issue.

### E. I.H. Already Has Been Injured at One of The Schools Where District is Trying to Force Him to Attend.

I.H. was at Casa Pacific Non-Public School from April 2-June 8, 2018. During that time period, he was sent home with scratches on at least two occasions. Declaration of Cynthia Cortez dated August 22, 2018 ("Cortez Dec."), ¶¶ 9,10, Ex. B, C (Dkt. #31-4). . On May 11, 2018, I.H. was in the segregation room and was injured so severely he required four staples in the back of his head. His mother was called to pick him up and when she arrived he had blood running down his back and his shoes and socks were filled with blood. *See* Cortez Dec., ¶7-8, Ex. A (Dkt. #31-4).

I.H. is not safe at Casa Pacifica Non-Public School because their interventions have resulted in injury to I.H. *See* Freeman Dec., ¶22 (Dkt. 1#31-3). To the extend District alleges that it has made "offers"[6] of other placements, including at North Hills Prep and Autism Academy—those offers are not relevant to this dispute, having nothing to do with the issue of whether irreparable harm will result if I.H. attends Caesar Chavez—his "stay put" placement. District cannot use a

---

[6] District suggested some alternative placements informally by way of email and telephone. None of these discussions rises to the level of an actual offer of "placement" under the IDEA, particularly since it is unknown whether District has a contract for services with the only remotely appropriate program—Autism Academy-- or if the program would accept I. H.

18

Defendants' Opposition To Motion For Preliminary Injunction

*Honig* as a substitute for holding an IEP meeting or the pending due process hearing. Indeed, upon information and belief, District does not even have contracts with the other NPS programs it is suggesting as appropriate placements for I.H. Thus, these additional so-called "offers" have no bearing on whether this Court should issue a preliminary injunction.

### IV. Conclusion

For the foregoing reasons, I.H. respectfully requests that the motion for preliminary injunction be denied in its entirety.

Dated: October 1, 2018

                                **LEARNING RIGHTS LAW CENTER**
                                **DISABILITY RIGHTS ADVOCATES**
                                **LAW OFFICES OF SHAWNA L. PARKS**

By: _____
                          Shawna L. Parks Esq.
                          Attorneys for Defendant