UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-07357-SVW-AS | Date | October 31, 2018 |
|---|---|---|---|
| Title | *Oxnard School District v. I.H. et al.* | | |

JS-6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION [27] AND GRANTING DEFENDANT'S MOTION TO DISMISS [31]

On September 9, 2018, Plaintiff Oxnard School District filed an ex parte application seeking a Temporary Restraining Order ("TRO"). Dkt. 10. On September 12, 2018, the Court denied the TRO application on the ground that Plaintiff failed to make an adequate showing on the likelihood of irreparable harm in the absence of preliminary relief. Dkt. 23. Before the Court is Plaintiff's motion for a preliminary injunction, Dkt. 27, and Defendant I.H.'s motion to dismiss the case, Dkt. 31. Plaintiff seeks an order enjoining Defendant from attending or otherwise being present at Cesar Chavez School or any other school campus within the district and forcing Defendant to attend Casa Pacifica or another comparable special day class, pending the resolution of Defendant's due process case before the Office of Administrative Hearings ("OAH"). Dkt. 27 at i-ii.

The elements for a preliminary injunction are the same as those the Court considered in weighing the need for a TRO.[1] A plaintiff seeking a preliminary injunction must establish the following elements: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to plaintiffs in the absence of preliminary relief; (3) the balance of equities tips in plaintiff's favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Under the

---

[1] "[A] request to enjoin a preexisting 'stay put' order is handled appropriately by the district court's application of traditional preliminary injunction analysis." *Johnson ex. rel. Johnson v. Special Educ. Hearing Office*, 287 F.3d 1176, 1180 (9th Cir. 2002).

| | : |
|---|---|
| | Initials of Preparer |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-07357-SVW-AS | Date | October 31, 2018 |
|---|---|---|---|
| Title | *Oxnard School District v. I.H. et al.* | | |

Ninth Circuit's "sliding scale" approach, a plaintiff may be entitled to a preliminary injunction if "serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). However, "plaintiffs must also satisfy the other *Winter* factors," including the likelihood of irreparable harm. *Id.* at 1135. Because injunctive relief is an "extraordinary remedy," it may only be awarded "upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

Once again, Plaintiff fails to make an adequate showing on the likelihood of irreparable harm in the absence of preliminary relief. Plaintiff discusses, at length, Defendant's prior violent acts at Cesar Chavez School and Casa Pacifica. Dkt. 27 at 3-10. However, Plaintiff seeks an order preventing Defendant from being present at Cesar Chavez School, and Plaintiff has not made an adequate showing that there is a likelihood that Defendant will in fact attempt to return to the school. Rather, Plaintiff "has made it abundantly clear that [it] will turn [Defendant] away from Cesar Chavez if he attempts to attend class." Dkt. 35 at 13. As a result, Defendant has stayed at home and has not attempted to return to school. *Id.* at 12. According to Defendant, there "has been no change of circumstances" since the Court denied the TRO application and "there is no threat that [Defendant] will try to attend Cesar Chavez elementary." *Id.* at 12-13. Thus, Plaintiff has not made a "clear showing" that irreparable harm is likely to occur in the absence of preliminary relief.[2] Indeed, the issue likely will be resolved in the near future, as the OAH is expected to render a decision within the next several weeks.[3] Dkt. 35 at 5; Dkt. 44 at 2.

For the above reasons, Plaintiff cannot satisfy the elements necessary for this Court to grant a preliminary injunction and the Court DENIES Plaintiff's motion. Because Plaintiff's complaint comprises only two causes of action—temporary injunctive relief and declaratory relief—both of which seek *temporary* relief pending resolution of the placement issues set forth in the case, the Court

---

[2] The Court acknowledges Plaintiff's alternative argument, put forth for the first time in its reply brief, that Plaintiff would be irreparably harmed absent injunctive relief because it is in an untenable position of having to choose between complying with an OAH stay-put order and keeping its students safe. Dkt. 44 at 2-3. This argument lacks merit because Defendant appears to be willing not to attend a district school until his placement is resolved. Plaintiff also fails to persuade the Court that having to "choose between complying with the order and keeping its students and staff safe" would cause irreparable harm.

[3] Plaintiff states that "a decision should be issued by approximately November 5, 2019." Dkt. 35 at 5. The Court assumes that this is a typo.

:

Initials of Preparer          PMC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-07357-SVW-AS | Date | October 31, 2018 |
|---|---|---|---|
| Title | *Oxnard School District v. I.H. et al.* | | |

GRANTS Defendant's motion to dismiss the case without prejudice.

    IT IS SO ORDERED.

:

Initials of Preparer

PMC